IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Donnie Goines, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:23-cv-86 |
| | § | |
| Jude Bonner, Bob Hernandez, | § | |
| and Israel Lopez; | § | |
| | § | |
| *Defendants*. | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

 Plaintiff Donnie Goines files this Original Complaint against Jude Bonner, Bob Hernandez, and Israel Lopez, and would respectfully show the Court the following:

## I. INTRODUCTION

 1. On February 17, 2021, Donnie Goines was arrested for disorderly conduct (language)—a Class C Misdemeanor—which was later dismissed with prejudice.  Upon being brought to the Henderson County Jail, Goines was subjected to egregiously unreasonable force on multiple occasions, despite being fully compliant with jailers at all times.  First, while Goines was handcuffed, Defendants Jude Bonner and Bob Hernandez slammed his head against a concrete wall with enough force to break his tooth.  Moments later, Bonner laid into Goines with a series of punches and kicks to his head and body, for no reason whatsoever.  Finally, Goines was forcefully kicked through a doorway, causing him to crash face-first into the concrete floor.  Video

evidence clearly shows the events alleged in this Complaint.  Goines brings this case under 42 U.S.C. § 1983 for violations of his civil rights.

## II.   PARTIES

2.     Plaintiff Donnie Goines is a resident of the State of Texas.

3.     Defendant Jude Bonner is a resident of the State of Texas and may be served at his place of employment, the Mabank Police Department, 129 E. Market St., Mabank, TX 75147.

4.     Defendant Bob Hernandez is a resident of the State of Texas and may be served at his place of employment, the Henderson County Jail, 206 N. Murchison St., Athens, TX 75751.

5.     Defendant Israel Lopez is a resident of the State of Texas and may be served at his place of employment, the Henderson County Jail, 206 N. Murchison St., Athens, TX 75751.

## III.   JURISDICTION AND VENUE

6.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

7.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in that district.

## IV.   FACTUAL ALLEGATIONS

8.      On February 17, 2021, Donnie Goines—a combat veteran who was left with a permanent brain injury by an explosion in Iraq—was arrested on a charge of disorderly conduct (language).  That charge (a Class C misdemeanor) was dismissed with prejudice on January 19, 2023.

9.     Despite the fact that a Class C misdemeanor is only punishable by a fine up to $500, and not jail time, Athens police officers decided to teach Goines a lesson by taking him to jail.

10.     After arriving at the Henderson County Jail ("the Jail"), Goines was in the process of being booked in. While Goines was still handcuffed and fully complying with the jailers, Defendants Bonner and Hernandez (who were Sheriff's deputies working as jailers) slammed his head against a concrete wall with enough force to break his tooth.

11.     Goines can be seen holding the side of his face in pain immediately afterward, once Defendants removed his handcuffs and sat him down on a bench.

12.     Bonner and Hernandez proceeded to keep treating Goines roughly.  For example, Bonner slaps Goines's foot off his knee after Goines crossed his legs.  Then, for no reason, Bonner grabs Goines by his jacket and forcefully jerked him up into a standing position, pressing him against the wall.  Seconds later, Hernandez slammed Goines back down on the bench.

13.     For about the next minute, Goines sat on the bench, calmly talking to the deputies. Suddenly and without any legitimate reason, Bonner punched Goines twice in the face and body, kneed him in the face, and kicked him.  Hernandez, who was standing right next to Bonner, did nothing to stop him.

14.     During the entire time described above, Goines was fully compliant.  He never did anything that any reasonable officer could have perceived as threatening.  Moreover, he had already been searched for weapons (which he was not carrying) and was inside the Jail with numerous guards nearby at all times, further decreasing any imaginable need to use physical force against him.

15.     Shortly thereafter, Bonner, Hernandez, and Defendant Israel Lopez (another Sheriff's deputy working as a jailer) walked Goines into a change-out room down the hall, where they took Goines's street clothes and had him dress in a jail uniform.

16.     After a few minutes (at approximately 3 minutes and 20 seconds into the second video, submitted as Exhibit B), Goines was launched forcefully out through the door.  Goines flew face-first across the hallway, crashing hard into the concrete floor.  The video makes it clear that this happened with far too much force to be an accidental fall.

17.     Goines was facing out towards the hallway when he was either kicked or pushed, and did not see which of the three Defendants kicked or pushed him.  The video shows Lopez exit the room behind Goines first, followed by Bonner and Hernandez.  The three Defendants were the only other people in the change-out room when Goines was kicked or pushed through the door.

18.     The guards stood Goines up but had to assist him in walking down the hallway.  Goines was visibly shaken and unsteady on his feet.

19.     Goines did nothing whatsoever to justify being flung through the doorway onto the floor.  As he had been the entire time he was in custody, Goines was fully compliant with all the guards, and never did anything that any reasonable officer could have perceived as threatening.

20.     The various uses of force described above caused Goines serious pain and injury.  The broken tooth required a root canal.  The various trauma to his upper body injured Goines in such a way that he regularly experiences pain to this day when performing certain activities such as picking up his daughter; this can only be controlled by undergoing physical therapy twice weekly.

### V.     FIRST CAUSE OF ACTION:
### UNLAWFUL PUNISHMENT OF A PRETRIAL DETAINEE
### UNDER 42 U.S.C. § 1983 (USE OF FORCE)

21.     All preceding paragraphs are incorporated here by reference.

22.     As described above, Donnie Goines was a pretrial detainee at the Henderson County Jail on February 17, 2021.

23.     At all times during his detention, he was fully compliant with the jailers, including Defendants.

24.     Despite Goines's full compliance, Bonner and Lopez slammed Goines's head against a wall while he was handcuffed.  They then continued treating Goines roughly, including forcefully jerking him up off a bench and then slamming him back down.  Bonner then punched, kicked, and/or kneed Goines several times while he was calmly seated on the bench.  Finally, one of the three Defendants launched Goines so forcefully through a door that Goines was unable to catch himself and crashed face-first into the concrete floor.  None of these uses of force were remotely justified.

25.     Because these uses of force were entirely unwarranted and served no penological purpose, they constituted the unlawful punishment of a pretrial detainee.  Therefore, Defendants were deliberately indifferent to Goines's Fourteenth Amendment due process right as a pretrial detainee to be free from punishment.

26.     As a result of this unlawful use of force, Goines suffered serious physical pain and injuries, as well as mental anguish.

### *Bystander Liability*

27.     Additionally, an officer may be liable for the unlawful acts of another if he knows a person's rights are being violated and had an opportunity to prevent the unlawful act, but failed to do so.

28.     Defendant Hernandez was standing only inches away from Defendant Bonner while Bonner punched, kicked, and kneed Goines.  It was clear to Hernandez that Goines was compliant and not a threat, and that Bonner's use of force was unlawful.  However, Hernandez did nothing to stop Bonner.

29.     Therefore, Hernandez may be liable as a bystander to this use of force by Bonner.

## VI.     SECOND (ALTERNATIVE) CAUSE OF ACTION: UNLAWFUL SEIZURE

30.     All preceding paragraphs are incorporated here by reference.

31.     In the event that Goines is determined to be a detained suspect, rather than a pretrial detainee, due to the fact that he had only just arrived at the Jail and book-in had not been completed, the uses of force described above violated Goines's Fourth Amendment right to be free from unlawful seizure, including the use of force beyond that which is reasonably necessary to detain a suspect.

32.     Regardless of whether the violated right was analyzed under the Fourth or Fourteenth Amendment, Hernandez would be liable as a bystander to Bonner's punching/kicking/kneeing of Goines, as described above.

## VII.     DAMAGES

33.     As a direct and proximate result of the above-described acts and omissions of Defendant, Plaintiff has suffered serious damages.  Accordingly, Plaintiff seeks to recover all actual, compensatory, and exemplary damages which have resulted from Defendant's above-described conduct.  These damages include, but are not necessarily limited to, the following:

      a)  Mental and physical pain and anguish, both past and future;

      b)  Punitive damages against all Defendants, where applicable;

      c)  Pre- and post-judgment interest in accordance with Texas and/or federal law.

## VIII.     JURY DEMAND

34.     Plaintiff demands a trial by jury.

## IX.    RELIEF REQUESTED

For the reasons stated above, Plaintiff Donnie Goines requests that Defendants be summoned to appear and answer herein and that upon final trial or hearing, a judgment be entered in favor of the Plaintiff and against the Defendants as follows:

a) Awarding Plaintiff actual damages in an amount that is within the jurisdictional limits of this Court;

b) Awarding Plaintiff punitive or exemplary damages in an amount that is within the jurisdictional limits of this Court;

c) Awarding Plaintiff reasonable and necessary attorney's fees and costs of court;

d) Awarding Plaintiff pre-judgment interest at the highest rate permitted by law;

e) Awarding Plaintiff post-judgment interest at the highest rate permitted by law; and

f) Awarding Plaintiff all such other and further relief, at law or in equity, to which he may show himself to be entitled.


Respectfully submitted,

By:  /s/ *Roger Topham*
Roger Topham
State Bar No. 24100557
rt@tophamlaw.com
13809 Research Blvd. #500
Austin, TX 78750
(512) 987-7818

***Attorney for Plaintiff***